The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERT DAILING,<br><br>　　　　　　　Defendant. | NO. 2:17-cr-00261-RAJ<br><br>ORDER GRANTING DEFENDANT'S MOTION TO PROCEED WITH DISPOSITION HEARING BY VIDEOCONFERENCE |

　　This matter comes before the Court on Defendant Bert Dailing's unopposed motion to proceed with a supervised release disposition hearing by videoconference.[1]  Dkt. 62.  The Court has considered the motion, and the files and pleadings herein, and for the reasons set forth below hereby **GRANTS** the motion.

**I. PROCEDURAL HISTORY**

　　On April 21, 2020, Mr. Dailing appeared for his initial appearance and detention hearing on alleged violations of the conditions of his supervised release. Mr. Dailing admitted to committing Violations 1 and 2 of the Petition dated February 5, 2020, and was ordered detained pending disposition.  At that hearing, a disposition hearing was scheduled for July 17, 2020 at 9:00 a.m.  A subsequent violation report was filed on May 12, 2020,

---

[1] Defendant's motion is captioned and entered on the docket as "Motion to Proceed with Guilty Plea Hearing Via Videoconferencing."  Given the procedural posture of this matter and the relief sought in the body of the motion, the Court concludes this was a scrivener's error.  So the record is clear, the Court directs the Clerk to correct the docket.

ORDER – 1

alleging additional Violations 3 and 4, stemming from circumstances surrounding Mr. Dailing's arrest. Mr. Dailing has indicated through counsel he will decline to admit to these violations as there are state court charges pending related to this alleged conduct. Instead, counsel for Mr. Dailing has indicated the government intends to submit police reports associated with the supplemental violations for the Court's consideration. The defense will not object to the submissions and will ask the Court to make a determination on the evidence presented. Mr. Dailing will then be prepared to proceed to disposition.

In-person disposition hearings are not currently possible due to the COVID-19 emergency. Pursuant to General Order 08-20, the courthouses in the Western District of Washington will not be open for such proceedings until at least August 3, 2020. In light of this delay, Mr. Dailing has brought a motion seeking to conduct his disposition hearing by videoconference. Dkt. 62.

## II. DISCUSSION

Given the liberty interests at stake, the Court construes a disposition hearing in the same light as a sentencing hearing. Under ordinary circumstances a defendant "must be present" for a sentencing. Fed. R. Civ. P. 43(c). But these are not ordinary circumstances. Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4). The Chief Judge of this Court has made such an authorization. General Order 04-20 (W.D. Wash. March 30, 2020). Thus, a sentencing or disposition hearing may be held by videoconference, but only upon a finding "for specific reasons that the sentencing . . . cannot be further delayed without serious harm to the interests of justice." CARES Act §15002(b)(2)(a); General Order 04-20 at 3.

The CARES Act presents a limited exception to what is ordinarily a mandatory requirement that a sentencing hearing be conducted in person. Courts have been sparing in applying this exception. Courts have granted remote hearings where the delay required for an in-person hearing would result in a defendant's detention beyond the range of applicable sentencing guidelines. *See*, *e.g. United States v. Collazo*, No. CR 2:19-00120, 2020 WL 1905293, at *2 (S.D. W. Va. Apr. 17, 2020) (defendants' time served exceeded guidelines); *United States v. Bustillo-Sevilla*, No. 20-CR-00021-VC-1, 2020 WL 1239669 (N.D. Cal. Mar. 15, 2020) (request for time served sentence). Where longer sentences are expected, however, courts have found that the interests of justice did not justify video-conferenced hearings. *See, e.g. United States v. Emory*, CR NO. 19-00109 JAO, 2020 WL 1856454, *2 (D. Haw. Apr. 13, 2020) (interests of justice did not require expediting sentencing where defendant had served eight months but potential guidelines range was 12 to 18 months); *United States v. Jones*, Criminal No. 19-225 (SRN/TNL), 2020 WL 1644257, *1 (D. Minn. Apr. 2, 2020) (denying defendant's motion for remote sentencing in part because delaying sentencing would not prejudice defendant in light of his guidelines range). Here, Mr. Dailing indicates he will request a sentence of time served at the hearing scheduled for July 17, 2020, and any delay will prejudice his ability to achieve this sentence. Dkt. 62.

Further, Mr. Dailing states if he receives a longer term of incarceration than time served, he hopes to be transferred to a Bureau of Prisons institution that provides programming to inmates. Therefore, the sooner he is sentenced, the more time he will have to engage in programming such as vocational training and/or drug treatment at his designated facility. These opportunities are absent at the Federal Detention Center at SeaTac where he is currently housed.

The Court finds that for the reasons set forth by Mr. Dailing, a delay in his disposition hearing to a time when it can be conducted in person would result in "serious harm to the interests of justice" under the CARES Act.

///

///

### III. ORDER

For the reasons set forth above, Mr. Dailing's motion does identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Order 04-20.  Therefore, it is hereby **ORDERED** that Defendant Bert Dailing's motion to appear by videoconference for a supervised release disposition hearing (Dkt. 62) is **GRANTED**.

The disposition hearing will proceed as scheduled on July 17, 2020 at 9:00 a.m. via videoconference before this Court.  Court staff will contact the parties to make such arrangements.  At the beginning of the hearing, the Court will personally address the defendant to confirm that the remote hearing is being held with his consent.

DATED this 7th day of July, 2020.

The Honorable Richard A. Jones
United States District Judge